UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William H. Burns, | ) | Civil Action No.: 4:04-986-25-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER DENYING** |
| Horry County, | ) | **SUMMARY JUDGMENT** |
| | ) | **AND CONSOLIDATING CASES** |
| Defendant. | ) | |
| David L. Elliott, | ) | Civil Action No.: 4:04-21832-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Horry County, | ) | |
| | ) | |
| Defendant. | ) | |
| Thomas M. Morrison, Jr., | ) | Civil Action No.: 4:04-1051-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Horry County, | ) | |
| | ) | |
| Defendant. | ) | |

These actions are brought under the Fair Labor Standards Act ("FLSA") for failure to pay overtime pay and the South Carolina Payment of Wages Act for failure to pay holiday pay. Plaintiffs originally filed this case in the Horry County Court of Common Pleas. The defendant removed the case because plaintiff's claim pursuant to the FLSA arises under the laws of the United States.

Plaintiff has filed a Motion to Consolidate the within cases pursuant to FRCP 42 on the basis

1

that they involve similar questions of law and fact against the same defendant. Defendant has opposed the motion on the basis that the cases are not sufficiently similar for consolidation and consolidation could cause confusion since each plaintiff worked a different schedule. Defendant also asserts that different statutes of limitations could apply to the three cases.

## MOTION TO CONSOLIDATE

Based on the arguments set forth in the briefs by the plaintiff's counsel, this Court believes that any risk of confusion or prejudice is unlikely and, while each plaintiff's case may involve different schedules, holidays, hours of work and mathematical computations, this Court has confidence in the attorneys to make a logical, methodical presentation by way of prepared exhibits or testimony that clearly, with respect to each plaintiff, remedies any concern of confusion by the defendant. The case involves party plaintiffs who worked for the same employer defendant, had similar duties, and who are expected to present the same witnesses and legal issues for resolution. The cases also involve the same disputed time period: December 6, 2001 to August 5, 2002,[1] and the same policies of the defendant.

The Court finds, in the interest of judicial economy, that the cases should be consolidated. *See Harris v. L&L Wings, Inc.*, 132 F.3d 978, 982, n.2 (4th Cir. 1997) (Consolidation is proper when claims were "brought against the same defendant, rely on the same witnesses, allege the same misconduct, and [were] answered with the same defenses.") *See also Jenkins v. Trs. of Sandhills Community College*, 2002 U.S. Dist. LEXIS 25247 (M.D.N.C. 2002), *aff'd*, 80 Fed. Appx. 819 (4th Cir. 2003); cert. denied, 540 U.S. 1199 (2004). The case of Burns v. Horry County (Civil Action # 4:04-cv-986-RBH) shall be designated as the lead case and all future documents shall be filed in that case.

---

[1] (unless barred by the applicable statute of limitations)

The lawyers are further instructed to consult each other regarding whether the only issues for submission to the jury should be whether the plaintiffs are exempt under the FLSA and, if not, then whether the violation was wilful for purposes of establishing the applicable statute of limitations and the resulting appropriate periods of time for which compensation should be paid. With regard to the cause of action under the South Carolina Wage Payment Act, a similar approach should be considered as to the issue of damages. It would appear that if the plaintiffs should prevail on their liability claims, the mathematical computations of each of their respective claims would be a sum certain amount capable of precise calculation by the attorneys.

Therefore, the lawyers are requested to consider stipulations in this regard which will avoid any risk of confusion as argued by the defendant in its opposition to consolidation. Assuming the plaintiff prevails, the Court would still have discretion regarding doubling or trebling the damages and as to an award of attorney fees.

## MOTION FOR SUMMARY JUDGMENT

Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. This Court heard oral arguments on the defendant's motion for summary judgment on November 2, 2005. At the conclusion of oral arguments, this Court took the defendant's motion for summary judgment under advisement.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P.

56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (*citing Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (*citing Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, *citing Celotex Corp.*, *supra*.

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v.*

*Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). Summary judgment is to be used sparingly in employment discrimination cases. *Ballinger v. North Carolina Agric. Extension Serv.*, 815 F.2d 1001, 1004-04 (4th Cir. 1987). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Defendant contends that plaintiffs fall within the executive and administrative exemptions under the FSLA and that therefore summary judgment is appropriate as a matter of law. The Fourth Circuit Court of Appeals has held that, since the FLSA is "remedial in nature, the exemptions contained therein must be strictly construed, and it is incumbent upon one asserting an exemption to bring himself clearly and unmistakably within the spirit and the letter of its terms." *Pugh v. Lindsay*, 206 F.2d 43, 46 (4th Cir. 1953). The burden of proof is on the defendant to prove an exemption, and the issue of whether an employee meets the executive exemption is factual. *Id*. *See also*, *Carter v. City of Charleston*, 995 F. Supp. 622 (D.S.C. 1997).

The Court finds that the plaintiffs have raised factual issues regarding the defenses raised under the FSLA. For example, one of the requirements for the executive and administrative exemptions is that the employee worked on a salary basis. *See 29 C.F.R. 541.118(a)*.[2] Plaintiffs have raised factual

---

[2] The regulation in effect before August 24, 2004 applies to this case. It provides: "An employee will be considered to be paid 'on a salary basis'. . . if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. . ." *29 C.F.R. 541.212* regarding the administrative exemption states that the "explanation of the salary basis of payment made in §541.118 . . . is also applicable in the definition of administrative".

5

issues regarding whether the defendant has proved that they worked on a salary basis. Payroll records have been submitted to the Court. Construing the County's own records in a light most favorable to the plaintiffs requires a finding by this Court that factual issues exist whether the salary basis is met. Thus, the issue arises whether plaintiffs' earnings actually fluctuate or are in fact a predetermined amount since the plaintiff argues the records show the County has "docked" their regular pay. Plaintiffs have also raised factual issues as to whether defendant wrongfully failed to pay plaintiffs holiday pay under the state wage statute.

Based on the briefs and information submitted, as well as the arguments of counsel, I find as a matter of law that there are genuine issues of material fact. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

For the foregoing reasons, the undersigned **GRANTS** the plaintiffs' Motion to Consolidate and **DENIES** the defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Court Judge

January 4, 2005
Florence, South Carolina